# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CARL WAYNE DOSS,

   Plaintiff,

vs.              Case No. 3:17-cv-1011-J-JRK

NANCY A. BERRYHILL,
Deputy Commissioner for Operations
of the Social Security Administration,
performing the duties and functions not
reserved to the Commissioner of
Social Security,

   Defendant.
_____/

## OPINION AND ORDER[1]

### I. Status

  Carl Wayne Doss ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is a result of proliferated diabetic retinopathy, "[a]mputation left foot 5 digit," and a colonoscopy. Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed November 6, 2017, at 91, 100, 316 (emphasis omitted). On August 7, 2012, Plaintiff filed applications for DIB and SSI, alleging an onset disability date of November 1, 2011. Tr. at 271-72 (DIB), 262-70 (SSI).[2] Plaintiff's applications were denied initially, see Tr. at 129-33

---

  [1]  The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed November 6, 2017; Reference Order (Doc. No. 14), entered November 8, 2017.

  [2]  Although actually completed on August 7, 2012, see Tr. at 262, 271, the protective filing date of the applications is listed elsewhere in the administrative transcript as July 18, 2012, see Tr. at
(continued...)

(DIB); Tr. at 134-39 (SSI), and were denied upon reconsideration, see Tr. at 89, 100-08, 151-55 (DIB); Tr. at 90, 91-99, 144-48 (SSI).

On September 11, 2014, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 58-88. The ALJ issued a decision on April 2, 2015, finding Plaintiff not disabled through the date of the decision. Tr. at 112-19. On December 28, 2015, the Appeals Council vacated and remanded the decision for a supplemental hearing because Plaintiff had requested a supplemental hearing, and the ALJ failed to schedule one. Tr. at 124-27.

On June 9, 2016, the same ALJ held a supplemental hearing, during which he heard from Plaintiff, who was again represented by counsel, and a different VE. See Tr. at 33-57. At the time of the hearing, Plaintiff was sixty-four years old. See Tr. at 91 (showing Plaintiff's date of birth). The ALJ issued a Decision on August 29, 2016, finding Plaintiff not disabled through the date of the Decision. Tr. at 15-26.

On October 21, 2016, Plaintiff requested review by the Appeals Council of the Decision. Tr. at 261. The Appeals Council received additional evidence consisting of a brief authored by Plaintiff's counsel. Tr. at 4, 5; see Tr. at 403-06 (brief). On July 9, 2017, the Appeals Council denied Plaintiff's request for review. Tr. at 1-5. On August 28, 2017, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff makes three arguments: 1) "[t]he ALJ erred by failing to address, directly contrary to Agency authority, post-hearing objections regarding the [VE's] testimony";

---

[2](...continued)
91, 100.

2) "[t]he ALJ erred by failing to consider the treating opinion evidence [from Dr. Georgia Doyle[3]] in this case . . . , which resulted in an RFC that is deficient as a matter of law"; and, 3) "[t]he ALJ's credibility analysis is generally flawed . . . specifically so because it fails to acknowledge or discuss Plaintiff's stellar work history." Plaintiff's Memorandum–Social Security (Doc. No. 16; "Pl.'s Mem."), filed January 8, 2018, at 4, 10, 23 (emphasis omitted). On February 28, 2018, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem.") addressing Plaintiff's arguments. With leave of Court, see Order (Doc. No. 19), Plaintiff filed a Reply Memorandum (Doc. No. 20) on March 23, 2018.

Addressing Plaintiff's second argument, the undersigned concludes that the matter is due to be reversed and remanded for further consideration of Dr. Doyle's opinions. Because the ALJ's further consideration of Dr. Doyle's opinions may have an impact on the factual findings at which Plaintiff's first and third arguments are aimed, these arguments are not substantively addressed herein. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

---

[3] Dr. Doyle started treating Plaintiff in 2011. Tr. at 1272, 1285 (duplicate).

## II. The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ engaged in the five-step sequential inquiry. See Tr. at 18-25. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since November 1, 2011, the alleged onset date." Tr. at 18 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: diabetes mellitus, type II with proliferative diabetic retinopathy (PDR) and diminished vision; chronic kidney disease; osteoarthritis of the hip; status post amputation of the left 5th toe; hypertension (HTN); obstructive sleep apnea (OSA); degenerative disc disease (DDD) of the cervical and lumbar spine; and peripheral vascular disease (PVD); diminished vision; and obesity." Tr. at 18 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

[Plaintiff can] perform sedentary work as defined in 20 [C.F.R. §§] 404.1567(a) and 416.967(a) with limitations. He is limited to only occasional climbing of ramps and stairs. He can never climb ladders, ropes or scaffolds and he can never balance. He can perform no more than frequent handling and fingering on both sides. He is limited to occasional near acuity. He cannot work around moving mechanical parts or at unprotected heights. He cannot have driving as a job duty.

Tr. at 19 (emphasis omitted).

At step four, the ALJ found that Plaintiff is "capable of performing past relevant work as a telephone solicitor." Tr. at 25 (emphasis omitted). The ALJ did not make alternative findings regarding the fifth step of the sequential inquiry. See Tr. at 25. The ALJ concluded that Plaintiff "has not been under a disability . . . from November 1, 2011, through the date of th[e D]ecision." Tr. at 25 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S.

389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues that the ALJ erred in his assessment of Dr. Doyle's opinion dated October 23, 2014 and treating source statement dated June 8, 2016. Pl.'s Mem. at 10-23.[5] Plaintiff challenges the reasons given by the ALJ for discounting Dr. Doyle's 2014 opinion, arguing that "the record demonstrates no reasonable assumption . . . that the underlying record is inconsistent with the opinions of Dr. Doyle." Id. at 22. As to the 2016 treating source statement, Plaintiff asserts that "the ALJ failed to assign [it] any weight or even discuss [it] . . . ; in fact, his [D]ecision is completely void of any mention of this opinion, despite it being exhibited thereto." Id. at 15.

Responding, Defendant contends that "the ALJ's statement that he 'considered all of the newly submitted evidence, including Exhibits 18F through Exhibit 32F'[ ] indicates the ALJ not only mentioned Dr. Doyle's 2016 opinion, but also considered it." Def.'s Mem. at 9

---

5   As noted, Plaintiff's first and third arguments are not addressed.

(emphasis and citation omitted).[6] According to Defendant, the ALJ properly rejected Dr. Doyle's opinions by finding that they are inconsistent with other evidence of record and by "not[ing] Dr. Doyle did not support her opinions with medically acceptable clin[i]cal and laboratory diagnostic techniques." Id. at 12 (citation omitted).

The Regulations[7] establish a "hierarchy" among medical opinions[8] that provides a framework for determining the weight afforded each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists." McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)). The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. §§ 404.1527(d)(2)-(5), 416.927(d)(2)-(5); see also 20 C.F.R. §§ 404.1527(e), 416.927(f).

---

[6] Exhibits 30F and 32F both contain Dr. Doyle's second opinion, dated June 8, 2016. See Tr. at 1272-75, 1285-88.

[7] On January 18, 2017, the SSA revised the rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (January 18, 2017). Because Plaintiff filed his claims before that date, the undersigned cites the rules and Regulations that were in effect on the date of the ALJ's Decision, unless otherwise noted.

[8] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); see also 20 C.F.R. § 404.1513(a) (defining "[a]cceptable medical sources").

With regard to a treating physician or psychiatrist,[9] the Regulations instruct ALJs how to properly weigh such a medical opinion. See 20 C.F.R. § 404.1527(c). Because treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," a treating physician's or psychiatrist's medical opinion is to be afforded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. Id. When a treating physician's or psychiatrist's medical opinion is not due controlling weight, the ALJ must determine the appropriate weight it should be given by considering the factors identified above (the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, as well as the supportability of the opinion, its consistency with the other evidence, and the specialization of the physician). Id.

If an ALJ concludes the medical opinion of a treating physician or psychiatrist should be given less than substantial or considerable weight, he or she must clearly articulate reasons showing "good cause" for discounting it. Hargress v. Soc. Sec. Admin., Comm'r, 883 F.3d 1302, 1305 (11th Cir. 2018) (citation omitted); Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists when (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or inconsistent with the treating physician's or psychiatrist's own medical records. Hargress, 883 F.3d at 1305 (citation omitted); Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d

---

[9] A treating physician or psychiatrist is a physician or psychiatrist who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition. See 20 C.F.R. § 404.1502.

580, 583-84 (11th Cir. 1991); Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987) (stating that a treating physician's medical opinion may be discounted when it is not accompanied by objective medical evidence).

An examining physician's opinion, on the other hand, is not entitled to deference. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam) (citing Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986)); see also Crawford, 363 F.3d at 1160 (citation omitted). Moreover, the opinions of non-examining physicians, taken alone, do not constitute substantial evidence. Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir. 1985) (citing Spencer v. Heckler, 765 F.2d 1090, 1094 (11th Cir. 1985)). However, an ALJ may rely on a non-examining physician's opinion that is consistent with the evidence, while at the same time rejecting the opinion of "any physician" whose opinion is inconsistent with the evidence. Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. Unit B. 1981) (citation omitted).

An ALJ is required to consider every medical opinion. See 20 C.F.R. §§ 404.1527(d), 416.927(d) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham, 660 F.2d at 1084 (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)); Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440. When an ALJ does not describe the weight assigned to medical opinions, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Cowart, 662 F.2d at 735. It is

not up to a reviewing court to scour the record to find support for an ALJ's decision; rather, the ALJ must support his or her decision within. See Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir.1984) (declining "to affirm simply because some rationale might have supported the ALJ's conclusion").

Upon review, the undersigned finds that the ALJ erred in assessing Dr. Doyle's 2014 opinion and 2016 treating source statement. The ALJ did not summarize or weigh Dr. Doyle's treating source statement dated June 8, 2016. See generally Tr. at 19-25. This lack of discussion frustrates judicial review particularly because the main reason provided by the ALJ for discounting Dr. Doyle's 2014 opinion is not a suitable basis for rejecting the doctor's 2016 treating source statement.[10] The ALJ noted that in Dr. Doyle's 2014 opinion she indicated that the stated limitations began twelve years prior to the date of the opinion. Tr. at 24; see Tr. at 828 (Dr. Doyle's 2014 opinion). The ALJ found that those limitations are inconsistent with Plaintiff's activities in his employment as a car salesman from 2003 through 2010. Tr. at 24. In the 2016 treating source statement, however, Dr. Doyle stated that the limitations contained therein first appeared in August of 2011, after Plaintiff's employment as a car salesman ended. Tr. at 1272, 1285 (duplicate). Thus, the limitations in the 2016 treating source statement would not necessarily be inconsistent with Plaintiff's duties as a car salesman from 2003 through 2010. The ALJ's failure to discuss and assess Dr. Doyle's 2016 opinion leaves the Court unable to determine whether the ALJ had reasons showing good cause to discount it.

---

[10] The ALJ stated he did not give great weight to Dr. Doyle's 2014 opinion. Tr. at 24. It appears from the ALJ's discussion and the RFC that he discounted it. See Tr. at 19, 24.

As to Dr. Doyle's 2014 opinion, the ALJ discounted it, finding with no explanation that Dr. Doyle's "assessment is not supported by medically acceptable clinical and laboratory diagnostic techniques or other objective medical evidence of record . . . ." Tr. at 24. In the 2014 opinion (as well as the 2016 treating source statement), Dr. Doyle provided multiple medical findings that she indicated support the stated limitations. See Tr. at 827-28 (2014 medical opinion); Tr. at 1272-75 (2016 treating source statement); Tr. at 1285-88 (duplicate of 2016 treating source statement). Although the ALJ noted some of the medical findings cited by Dr. Doyle in the 2014 opinion, he failed to explain why they do not support the stated limitations. Tr. at 24. This frustrates judicial review.

## V. Conclusion

For the foregoing reasons, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

    (A) Reevaluate Dr. Georgia Doyle's opinions dated October 23, 2014 and June 8, 2016;

    (B) If appropriate, address the other issues raised by Plaintiff in this appeal; and

    (C) Take such other action as may be necessary to resolve this matter properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on September 27, 2018.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Counsel of Record